22054

AUGUST KOHN AND COMPANY, INCORPORATED, Appellant, v. The PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA and Carolina Water Service, Inc., Respondents.

(313 S. E. (2d) 630)

Supreme Court

*Steven M. Anastasion,* of *Callison, Tighe & Rush,* Columbia, *for appellant.*

*George S. King, Jr.,* of *Boyd, Knowlton, Tate & Finlay,* and *Arthur G. Fusco* and *C. Dukes Scott,* Columbia, *for respondents.*

March 6, 1984.

LEWIS, Chief Justice:

This appeal is from a judgment affirming an Order of the respondent Public Service Commission. Carolina Water Service, Inc. (CWS) applied to the respondent Public Service Commission to establish rates to be charged Wrenwood subdivision in Lexington County. A hearing was held with appellant Kohn, the owner of lots in the subdivision, appearing as intervenor. The Public Service Commission issued its Order granting CWS's rate request, including a charge for water treatment plant expansion and modification. An application by Kohn for a rehearing was denied and appeal was taken to the lower court. The lower court affirmed the order of the Public Service Commission and Kohn has appealed. We affirm.

At issue in this case is the imposition of a "plant expansion and modification fee" to be collected by CWS from appellant. The fee is designed to generate funds which would be used for improvements throughout the CWS area. A uniform rate for this expansion and modification fee was approved by the Public Service Commission and held applicable to all customers of CWS in a prior proceeding which did not involve the appellant. The present appeal arises from the application by CWS for the inclusion of Wrenwood subdivision within the rate scheme established by the previous order.

It appears from the record that appellant has rested its case upon the proposition that no fee may be charged a utility customer unless the funds generated thereby are directly applied to that particular rate-payer. In its complaint below

and before this Court, appellant argues that there is no evidence to indicate that plant expansion and modification is or will be required in the Wrenwood subdivision. In the absence of such evidence, appellant argues that the expansion and modification fee is unlawful.

In the law of utilities regulation, particularly in the context of water service, the rule appears to be as follows:

> Normally, the unit for rate-making purposes would be the entire interconnected operating property used and useful for the convenience of the public in the territory served, without regard to particular groups of consumers of local subdivisions; but conditions may be such as to require or permit the fixing of a smaller unit. 94 C.J.S. Waters Section 293, p. 182; also Section 297.

Exceptions to the above rule are not frequent and are generally the product of special facts and circumstances. A sound admonition is found in *City of New Haven v. New Haven Water Company*, 118 Conn. 389, 172 A. 767, 776, regarding the matter of allocation:

> The difficulties attendant upon making approximately accurate allocations and fixing fair or satisfactory zone or other differing rates are manifest, and are not to be undertaken unless there are such differences in circumstances and conditions between different parts of the territory served as to justify departure from uniform rates.

In essence, the appellant in this case seeks a segregation and allocation of the plant expansion and modification fee in accordance with the proportion of expected improvements which Wrenwood subdivision would receive as part of the Carolina Water Services area. This is the premise which underlies the appellant's complaint that the record discloses no evidence of direct or anticipated benefit to Wrenwood. Indeed there is no disagreement in this record concerning the use of the expansion and modification fee; all parties agree that the funds will be applied generally by Carolina Water Services to its statewide facilities as conditions require. Appellant does not attack the fee as it applies to others or as a concept itself.

In this case, the burden is not upon the Public Service Commission to justify a uniform rate, if it finds an expansion and modification fee to be reasonable. Rather the burden is upon the party challenging uniformity and seeking allocation to show that the case so warrants. We find that appellant at no point has carried this burden, and accordingly we affirm the judgment of the trial court.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.